UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roberto Dominguez Cisneros,<br><br>Petitioner,<br><br>v.<br><br>Janet Napolitano, Secretary of the Department of Homeland Security; Eric Holder, Attorney General of the United States; Scott Baniecke, Field Office Director, Immigration and Customs Enforcement; and Bob Kindler, Freeborn County Sheriff;<br><br>Respondents. | Civ. No. 13-2606 (JNE/JJK)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Bruce D. Nestor, Esq., De Leon & Nestor, LLC, counsel for Petitioner.

David W. Fuller, Esq., Assistant United States Attorney, and John R. Marti, Acting United States Attorney, counsel for Respondents.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on Petitioner Roberto Dominguez Cisneros' Petition for Writ of Habeas Corpus (Doc. No. 1, Pet.), which Petitioner brings under 28 U.S.C. § 2241.[1]  This case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1.  For the

---

[1] Petitioner had previously filed a Petition for Writ of Habeas Corpus (No. 13-700 (JNE/JJK)) which was denied and the case dismissed with prejudice by Judge Joan Ericksen on July 3, 2013.

reasons discussed below, this Court recommends that Cisneros' Petition be dismissed.

## BACKGROUND

**I.    Facts**[2]

Petitioner is a citizen of Mexico, but he has been a lawful permanent resident of the United States since April 6, 1983. (Pet. ¶ 1.) Petitioner has significant ties to the United States. His father is a naturalized citizen of the United States, his mother is a permanent resident of the United States, and he has several siblings who are either citizens of or lawful permanent residents of the United States. (Pet. ¶ 9.) He also has a daughter who is a United States citizen. (*Id.*) Until his current detention, Petitioner was gainfully employed between September 25, 2006, and March 4, 2013. (Pet. ¶ 14.)

Petitioner also has a criminal history. On December 9, 2003, Petitioner pleaded guilty to having been involved in a drive-by-shooting incident in which he stepped out of a vehicle in which he was a passenger and discharged a firearm at another car. (*Cisneros v. Napolitano*, (No. 13-700), Doc. No. 9, Decl. of David W. Fuller ("Fuller Decl.") ¶ 2, Attach. 1 at 6–10 (Guilty Plea); *Id.*, Attach. 1 at 12–19 (Criminal Complaint).) On March 15, 2004, Petitioner was convicted of that drive-by-shooting crime in Rice County District Court in Faribault, Minnesota, for the offense of "Dangerous Weapons – Shooting," in violation of Minnesota

---

[2] Two of the documents referenced herein were filed in response to Petitioner's previously-dismissed Petition (No. 13-700).

Statute § 609.66, subd. 1e(a).  (Pet. ¶ 10; *see also Cisneros v. Napolitano*, (No. 13-700), Doc. No. 8, Decl. of Brett R. Navarro ("Navarro Decl.") ¶ 5.)  Petitioner was sentenced to a 48-month term of imprisonment with the Minnesota Department of Corrections.  (Pet. ¶ 10.)  Petitioner's sentence was stayed for a period of five years provided on condition that he serve 365 days in jail and comply with conditions of probation.  (Pet. ¶ 10.)  On December 9, 2004, Petitioner completed his sentence of imprisonment (Pet. ¶ 11), and on April 20, 2007, Rice County Community Corrections discharged Petitioner from probation.  (Pet. ¶ 12.)

After his release from prison, Petitioner appears to have resided in the United States without incident for more than eight years.  However, on February 14, 2013, agents of the Office of the United States Immigration and Customs Enforcement ("ICE") apprehended Petitioner at his residence during an enforcement operation.  (Pet. ¶ 15.)  An ICE officer served Petitioner with a Notice to Appear at removal proceedings that same day.  The Notice to Appear alleged that Petitioner was removable, in part, on grounds that he had been convicted of an aggravated felony when he pleaded guilty to the drive-by-shooting charge in December 2003.[3]  (*See* Fuller Decl. ¶ 3, Attach. 2 at 1–2 (Notice to Appear).)  ICE took Petitioner into custody on February 14, 2013,

---

[3] The Notice also asserted that Petitioner was convicted of an offense that involved using a firearm or destructive device as defined by 18 U.S.C. § 921(a). But an immigration judge later determined that ICE failed to prove Petitioner's removability under the firearm charge.  (Navarro Decl. ¶ 9.)

3

under the authority of 8 U.S.C. § 1226(c), and determined that Petitioner could not request a review of his custody determination by an immigration judge because the Immigration and Nationality Act prohibits his release.  (Pet. ¶ 22; Fuller Decl. ¶ 4, Attach. 3 (Notice of Custody Determination); *see also* Navarro Decl. ¶¶ 7–8.)  In other words, ICE determined that Petitioner falls into a category of aliens who have been convicted of certain crimes that makes them ineligible to be released from custody on bond or parole while ICE attempts to deport them. *See* 8 U.S.C. § 1226(a)(2) (providing that, except in certain circumstances, an alien who has been arrested pending removal proceedings may be released on bond or conditional parole).

After taking Petitioner into custody, Petitioner appeared for a removal hearing on March 12, 2013, and on March 25, 2013, Immigration Judge William J. Nickerson, Jr., issued a Memorandum and Order sustaining the charge that Petitioner is removable because he was convicted of an aggravated felony. (Fuller Decl. ¶ 5, Attach. 4; Navarro Decl. ¶ 9; Pet. ¶ 24.)  On April 1, 2013, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"), seeking to challenge the decision that he was removable.  (Pet. ¶ 25.)  In a decision dated January 9, 2014, the BIA found that the Immigration Judge erred in finding that Petitioner was removable, and on January 13, 2014, Petitioner was released from ICE custody and all removal proceedings against him were terminated.  (Doc. No. 19, Notice to Court of Petitioner's Release from Custody ("Notice of Release.") ¶¶ 1, 2.)

## II.   Summary of the Parties' Positions

Petitioner filed a notice of his release from detention in which he contends that this matter is not moot as a result of his release from custody. He claims that his central legal claim was that mandatory custody under INA §236(c) should not apply to an individual who is a Legal Permanent Resident of the United States and who raises a substantial legal challenge to his removability and the appropriateness of the categorization of his criminal conviction as subjecting him to removability and mandatory detention under INA §236(c). Petitioner contends that other similarly situated persons are unlikely to obtain federal habeas review of their legal challenge to detention under INA §236(c) because, as in this case, the BIA will rule before a federal court can issue a final decision on their habeas case and that, as such, the legal issues in this case are capable of repetition, yet evading review.

Respondents assert that the Petition was rendered moot by Petitioner's release and that Petitioner's Notice of Release does not accurately describe the central legal claim set forth in the Petition. They maintain that the relief sought in the Petition is no longer capable of being granted by the Court and that the limited exception to the mootness doctrine regarding situations "capable of repetition, yet evading review" does not apply here, as Petitioner cannot show "a reasonable expectation that . . . [he] will be subjected to the same action again." *Ringo v. Lombardi*, 677 F.3d 793, 798 (8th Cir. 2012) (citation omitted).

## DISCUSSION

I.  **Legal Standard**

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.  Here, Petitioner sought an order granting him a writ of habeas corpus or an individualized custody determination with respect to his conditions of release.  (Pet., Relief Sought ¶¶ 1–5.)  Petitioner has since been released from the physical custody of ICE and all removal proceedings against him have been terminated.  (Notice of Release ¶ 2.)  Furthermore, Petitioner is not contesting the conditions of his release such that this Court could maintain jurisdiction over his habeas petition.  *See Alvarez v. Holder*, Nos.10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011). Contrary to Petitioner's representation in his Notice, the central legal argument in his habeas petition was that he had been held for an unreasonable length of time under *Demore v. Kim*, 538 U.S. 510 (2003), not that mandatory custody under INA §236(c) should not apply to an individual who is a Legal Permanent Resident of the United States and who raises a substantial legal challenge to his removability.  The question of section 236(c)'s applicability to Legal Permanent

6

Residents is not an issue before the Court.  Since the Court can no longer grant the Petitioner any meaningful relief, the case is moot and dismissal is required.

## RECOMMENDATION

Based on the above, and on all the files, records, and submissions herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1), be **DENIED**;

and

2. This case be **DISMISSED WITH PREJUDICE**.


Dated:  February 7, 2014

              *s/ Jeffrey J. Keyes*
              JEFFREY J. KEYES
              United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 21, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.